IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

SEP -6 2018

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DEVIN VON PARADIS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CRIMINAL ACTION NO. 2:16-cr-158
CIVIL ACTION NO. 2:18-cv-174

*MEMORANDUM OPINION AND ORDER*

Before the Court is *pro se* litigant Devin Von Paradis's ("Petitioner") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255 ("2255 Motion"). Having reviewed the motions and filings, the Court finds that a hearing is not necessary to address Petitioner's motion. *See* 28 U.S.C. § 2255(b). For the reasons set forth below, Petitioner's 2255 Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On November 16, 2016 Petitioner was charged with three counts of felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1), 924(a)(2) and one count of possession with intent to distribute marijuana under 18 U.S.C. §§ 841(a)(1), (b)(1)(D). ECF No. 1 at 1-2. At his initial appearance, Petitioner stated Mr. Richard Doummar ("Doummar") would represent him; Mr. Doummar remained Petitioner's counsel at all proceedings before this Court. ECF No. 38 at 1.

On February 15, 2017, Petitioner pled guilty to one count of felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1), 924(a)(2). *Id.* at 2. This Court held a hearing pursuant to

1

FED. R. CRIM. P. 11 and accepted the plea. *See* ECF No. 12; 13. A sentencing hearing was then scheduled for July 26, 2017.

On April 28, 2017, Petitioner's presentence investigation report ("PSR") was disclosed to both parties. ECF No. 17. In the PSR, the probation officer set Petitioner's base offense level at 22. *Id.* at 6. Petitioner then also received the following guideline enhancements: (1) offense involved three firearms (U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(b)(1)(A)); (2) one of the firearms was stolen (§ 2K2.1(b)(4)(A)); and (3) possession of a firearm in connection with another felony offense, specifically possession with intent to distribute marijuana (§ 2K2.1(b)(6)(B)). *Id.* These enhancements brought Petitioner's total offense level to 27. *Id.* at 15. Combined with a criminal history category of III, Petitioner's guideline range was between 87 and 108 months. *Id.*

On June 20, 2017, Mr. Doummar, as Petitioner's counsel, objected to the § 2K2.1(b)(6)(B) enhancement. ECF No. 23 at 1–4. Mr. Doummar argued that this enhancement was unwarranted because there was no evidence that the marijuana found in Petitioner's home was connected to the firearms he possessed and that this drug offense would constitute only a misdemeanor. *Id.* The Government filed its response to Petitioner's objections on July 19, 2017. ECF No. 26.

At the July 26 sentencing hearing, Mr. Doummar again raised his objection to the enhancement associated with the drug offense. *See* ECF No. 33 at 15. The Court overruled Mr. Doummar's objection and sentenced Petitioner to 72 months' imprisonment after considering the facts of the case and the relevant § 3553(a) factors. ECF No. 30.

Petitioner filed his 2255 Motion on April 2, 2018. ECF No. 33. In his motion, Petitioner asks the Court to vacate his sentence and resentence him because Mr. Doummar provided

ineffective assistance of counsel by failing to argue for relief from the § 2K2.1(b)(6)(B) enhancement under *Moncrieffe v. Holder*, 569 U.S. 184 (2013). *Id.* at 16. The Government filed its response in opposition on July 20, 2018, and Petitioner filed his reply on August 17, 2018.

## II. LEGAL STANDARDS

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Ineffective assistance of counsel claims, however, should generally be raised in a collateral motion instead of on direct appeal. *See Untied States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008).

### B. Ineffective Assistance of Counsel

A viable ineffective assistance of counsel claim arises when "the counsel's conduct so undermined the proper functioning of the adversarial process that the trial did not result in a just

3

outcome." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove a claim of ineffective assistance of counsel, a petitioner must make two showings.

First, a petitioner must show that counsel's performance was deficient. *Id.* at 687. Counsel's errors must have been so serious that he or she was not actually functioning as "counsel" as guaranteed by the Sixth Amendment. *Id.* In order to demonstrate deficient performance, a petitioner must show "that counsel's representation fell below an objective standard of reasonableness" under the prevailing norms of the legal community. *Id.* at 688.

"Judicial scrutiny of counsel's performance must be highly deferential," so "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. That presumption is even greater when counsel's decisions represent strategic, tactical decisions requiring "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). A petitioner bears the burden of rebutting this presumption. *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that the deficient performance prejudiced the defense. *Id.* at 687. In other words, counsel's errors must have been so serious that the petitioner was deprived of a fair trial with a reliable result. *Id.* To demonstrate prejudice, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* In short, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgement of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

## III. DISCUSSION

Having thoroughly reviewed the motion and filings, the Court finds that a hearing is not necessary. *See* 28 U.S.C. § 2255(b).

At the outset, Petitioner satisfies the second prong of *Strickland*. If *Moncrieffe* requires the Court to find that the drug-related conduct is not a felony, then there is a reasonable probability that Petitioner's guideline range would have been lower since the Court would not have applied the § 2K2.1(b)(6)(B) enhancement. *See United States v. Carthorne*, 878 F.3d 458, 469–70 (4th Cir. 2017). The central issue is whether Mr. Doummar's failure to cite *Moncrieffe* with respect to the sentencing enhancement was deficient or unreasonable. The Court finds that Mr. Doummar's representation was satisfactory, and therefore Petitioner's claim fails under *Strickland*'s first prong.

Section 2K2.1(b)(6) of the Sentencing Guidelines increases the offense level by four "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." This enhancement should apply "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *Id.* at cmt. n.14(B). In determining the applicability of this enhancement, "the court must consider the relationship between the instant offense and the other offense, consistent with relevant conduct principles." *Id.* at cmt. n.14(E).

Petitioner's core argument is that Mr. Doummar was ineffective because he did not cite *Moncrieffe v. Holder*, 569 U.S. 184 (2013) in his objections to the § 2K2.1(b)(6)(B) enhancement. Petitioner believes that *Moncrieffe*'s categorical approach requires the Court to find that the relevant drug offense was a misdemeanor and not a felony. ECF No. 33 at 16–17. Petitioner believes this omission constitutes ineffective assistance. *See id.* at 22–23; *see also*

5

*Carthorne*, 878 F.3d at 466–67 (granting petitioner's § 2255 motion for ineffective assistance of counsel because attorney failed to mention relevant authority at sentencing that would have reduced petitioner's sentencing enhancement).

In *Moncrieffe*, the federal government sought to deport Moncrieffe after he was convicted of possession of marijuana with intent to distribute in Georgia state court. 569 U.S. at 188. The Government reasoned his state drug offense was akin to the federal offense under 21 U.S.C. §§ 841(a)(1), (b)(1)(D), which is punishable by up to five years' imprisonment, meaning it is an "aggravated felony" sufficient for deportation under Immigration and Nationality Act ("INA"). *Id.* at 189. The Supreme Court held that because Moncrieffe's state conviction failed to establish that the offense involved either remuneration or more than a small amount of marijuana, it was not an "aggravated felony" sufficient for deportation. *Id.* at 194.

In so holding, the Justices used the "categorical approach" to examine the state drug offense. *Id.* at 190. Under this rule, instead of looking at the particular facts of the case, courts determine "whether 'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony." *Id.* (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 186 (2007)). Essentially, a court must ignore the specific facts of the case and look to the elements of the state offense and see if these same elements "necessarily" involve the same conduct that would give rise to the equivalent generic federal offense. *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 24 (2005)); *see Descamps v. United States*, 570 U.S. 254, 263 (2013) ("[T]he categorical approach's central feature [is] a focus on the elements, rather than the facts, of a crime.").

The *Moncrieffe* Court noted that while 21 U.S.C. § 841(a) laid out the offense, subsection (b) actually determined whether the violation was a felony or a misdemeanor. *Id.* at 193.

Violation of § 841 is considered a felony unless the defendant "violate[d] subsection (a) of this section by distributing a small amount of marijuana for no remuneration," in which case the offense is a misdemeanor. 18 U.S.C. § 841(b)(4). The Court then looked at the relevant Georgia statute, which did not contain elements relating to remuneration or amounts of marijuana. *Moncrieffe*, 569 U.S. at 194. Because the state statute "[did] not reveal whether either remuneration or more than a small amount of marijuana was involved," Moncrieffe's state conviction could be considered either a felony or a misdemeanor. *Id.* As such, Moncrieffe's prior conviction had to be considered a misdemeanor, and could not be an "aggravated felony" under the INA. *Id.* at 194–95.

The categorical approach is not only used in the immigration context, but also has an extensive history in the criminal context as well. *See, e.g., Mathis v. United States*, 136 S. Ct. 2243 (2016); *United States v. Kirksey*, 138 F.3d 120, 124 (4th Cir. 1998). In particular, courts use the categorical approach to determine what is considered a "crime of violence" with respect to the Sentencing Guidelines related to the Armed Career Criminal Act. *See Taylor v. United States*, 495 U.S. 575, 600–02 (1990) (holding Missouri burglary offense did not constitute a "crime of violence" for purposes of the § 924(e) sentence enhancement); *Carthorne*, 878 F.3d at 467 (holding North Carolina assault and battery of a police officer offense was not a "crime of violence" for sentencing enhancement under § 4B1.2(a)).

Notably absent from the categorical approach's ambit is the particular sentencing enhancement at issue here. Courts do not employ this approach to a sentencing enhancement regarding possession of a firearm "in connection with another felony offense." U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(b)(6)(B). Instead, courts look to relevant conduct. *See id.* at §§ 1B.1(3)(a), 2K2.1 cmt. n.14(E).

Such relevant conduct includes the fact that when the police searched Petitioner's bedroom they found "a loaded semi-automatic rifle with a large capacity magazine, digital scales and five plastic bags containing a total of 18.82 grams of marijuana. The marijuana, packaged for distribution, and the scale were found together in the same drawer." ECF No. 38 at 11. At sentencing, the Court took note that one of the firearms was discovered "in close proximity to drugs [and] drug-manufacturing materials [*i.e.*, the scale]." U.S. SENTENCING GUIDELINES MANUAL § 2K2.1 cmt. n.14(B). As such, the Court found this conduct to constitute a drug trafficking offense, which is "another felony offense" for purposes of the § 2K2.1(b)(6)(B) enhancement.

Petitioner attempts to frame his motion around the Fourth Circuit's recent decision in *Carthorne*, where a prisoner succeeded on his § 2255 motion for ineffective assistance of counsel because his attorney failed to mention "clear Supreme Court and Fourth Circuit precedent detailing the analytical framework for determining whether a crime qualifies as a predicate offense under Guidelines Section 4B1.2(a)." 878 F.3d at 467. However, *Carthorne* was concerned with counsel's failure to use the categorical approach with respect to defining a "crime of violence" under § 4B1.2(a), which has long been the rule. *Id.*; *see Taylor*, 495 U.S. at 600–02. There is no case law that even hints that this Court should use the categorical approach in defining what is "another felony offense" under § 2K2.1(b)(6)(B). In fact, the Sentencing Guidelines counsel that the Court should *not* do so, but rather look to relevant conduct. U.S.S.G. § 2K2.1(b)(6)(B) cmt. n.14(E).

Moreover, the attorney in *Carthorne* not only failed to object to the career offender enhancement at sentencing, but he also conceded the point entirely. *See* 878 F.3d at 462, 468–69 ("[Counsel] was not even aware of the analysis required by the categorical approach or its

8

application in assessing predicate offenses for purposes of the career offender enhancement. . . . [He] actually admitted that any argument that [the state offense] was not a crime of violence was 'without merit.'"). On the other hand, Mr. Doummar objected to this enhancement several times during sentencing process. *See* ECF No. 23 at 1–4; ECF No. 33 at 15. He argued that the enhancement should not apply to Petitioner because the drugs were found throughout the house and therefore could not be definitively connected to the firearm, and that the offense should be considered a misdemeanor. ECF No. 23 at 1–4. Mr. Doummar at the very least recognized that there was an argument to make. He may or may not have considered raising an argument under *Moncrieffe*, but as the Court has just discussed, that precedent is inapposite.

Because *Moncrieffe*'s categorical approach analysis is irrelevant to the sentencing enhancement under § 2K2.1(b)(6)(B), and Mr. Doummar still raised objections to the enhancement, Petitioner has failed to demonstrate that counsel's performance was unconstitutionally deficient or unreasonable. *See Strickland*, 466 U.S. at 687–88.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings and filings that Petitioner is not entitled to relief. Accordingly, Petitioner's 2255 Motion is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claim rests on misapplying Supreme Court

precedent to inapposite facts. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 6, 2018

/s/
Raymond A. Jackson
United States District Judge