**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FILED

JUL 3 0 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**DEVIN VON PARADIS,**

> **Petitioner,**

**v.**                                          **CRIMINAL NO. 2:16-cr-158**

**UNITED STATES OF AMERICA,**

> **Respondent.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Devin Von Paradis's ("Petitioner") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 44, 45.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner's felony convictions for Robbery and Conspiracy to Commit Robbery became final on September 11, 2010 and his civil rights were never restored. On July 9, 2016 and July 12, 2016, Petitioner sold firearms to confidential informants out of his home in Virginia Beach. On July 13, 2016, law enforcement arrested Petitioner after a traffic stop and executed a search warrant at his home. Searches of Petitioner's vehicle and home revealed cash, another firearm, drug paraphernalia, 18.82 grams of marijuana, and ammunition. Petitioner was named in a four-count Indictment on November 16, 2016. ECF No. 1. On February 15, 2017, Petitioner pleaded guilty to Count 2, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF Nos. 12–14. Petitioner was sentenced to a term of 72 months incarceration on July 27, 2017. ECF No. 30.

Petitioner filed his *pro se* Motion for Compassionate Release on May 21, 2020 and a supplement on May 22, 2020. ECF Nos. 44, 45. The Court ordered the appropriate responses on May 27, 2020. ECF No. 46. Petitioner, through counsel, responded to the Court's Order on June

26, 2020 and submitted a supplemental filing on July 17, 2020. ECF Nos. 51–52, 57–58. The Government responded in opposition on July 23, 2020. ECF No. 60. Petitioner replied to the Government's response on July 27, 2020. ECF No. 61. This matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.*; *see also Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reason" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications.

2

U.S.S.G. §1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. Therefore, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

**A. The Exhaustion Requirement**

This Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–4 (E.D. Va. June 4, 2020). Further, Petitioner submitted two administrative requests for compassionate release, one on March 26, 2020 and April 28, 2020. ECF No. 51 at 4; ECF No. 44 at 6. Petitioner received written denial of his administrative request for compassionate release on June 11, 2020. ECF No. 51 at 5. Therefore, Petitioner has satisfied the exhaustion requirement within § 3582(c)(1)(A).

**B. Resolution of the Defendant's Request for Compassionate Release**

*1. Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court begins by observing that Petitioner is an individual who has always been capable of supporting himself through legitimate means. ECF No. 47 at ¶ 55 (reporting that at the time of the instant offense, Petitioner was earning $10,000 per month as a real estate agent). Petitioner was previously convicted of Robbery and Conspiracy to Commit Robbery for using a knife to rob a Domino's Pizza manager. *Id.* at ¶ 29. Additionally, the offense conduct in the instant case is troubling, as Petitioner was involved in narcotics trafficking and was selling guns on demand from his home. *Id.* at ¶¶ 6, 8 (documenting that Petitioner's sale of guns to the confidential informants occurred in quick succession and his own statements indicating his involvement in selling drugs). Defendant's admitted history in drug trafficking is longstanding, as he reports driving drugs back from New York for a "criminal enterprise" as young as 17 years old. *Id.* at ¶ 42. Further, Petitioner committed the instant offense while on good behavior for his robbery convictions,

4

implicating the need for a sentence that promotes respect for the law and specific deterrence. *Id.*; 18 U.S.C. § 3553(a)(2)(A)–(B). The Court also notes Petitioner's history of mental health treatment, though it was discontinued in 2009. *Id.* at ¶ 49. Further, mental health and addictive issues do not appear to be the impetus of Petitioner's criminal past, as he complied with the rules long enough to obtain early discharge from supervision from his robbery convictions, was out on bond without incident after being charged in the instant case and has a clean record during his time in the Bureau of Prisons. *Id.* at ¶ 29, ECF No. 51 at 2, 15.

### 2. Evaluation of "Extraordinary and Compelling Reason"

In evaluating whether "extraordinary and compelling reasons" for a sentence reduction have been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020).

Here, Petitioner offers his chronic bronchitis, provisional diagnosis of asthma, and history of respiratory illnesses as underlying conditions that may exacerbate a potential COVID-19 infection. ECF No. 51 at 9–11; ECF No. 57 at 1; *see also* ECF No. 57-2 at 1 (dismissing the chance of Petitioner's history of tuberculosis as presenting a "negligible" respiratory risk). In support of his Motion, Petitioner offers the opinion of Dr. James L. Pearle, who examined the relevant medical records and believes Petitioner should be receive "extended maintenance treatment," or a daily inhaler to curtail his recurrent respiratory symptoms. *Id.* at 2. Petitioner has

also experienced some symptoms of COVID-19, though subsequent testing yielded negative results. ECF No. 57-1 at 5 ("COVID test negative on May 16, 2020 and June 2, 2020); ECF No. 61 at 3 (noting that Petitioner had not tested positive for COVID-19 as of July 27, 2020). Notwithstanding Petitioner's negative COVID-19 tests, Petitioner has continued to cough and experience shortness of breath at night, causing a medical provider to document him as a "suspect/probable COVID-19 case" on June 7, 2020. ECF No. 57-1 at 5–6.

Notwithstanding his contentions and Dr. Pearle's opinions on managing Petitioner's chronic lung issues, the Court finds no extraordinary and compelling reason for a reduction in this case. Petitioner is "substantially younger than many of those who have been granted compassionate release for [underlying] conditions during the pandemic." *United States v. Belle*, 2020 WL 2129412, at *5 (D. Conn. May 5, 2020) (denying a 26-year-old petitioner's motion for compassionate release); *but see Bruno v. United States*, 2020 WL 4192282 (E.D. Va. July 16, 2020) (granting compassionate release to a petitioner in his 20s with a much more serious condition and untreated mental health issues). More importantly, Petitioner's lung function appears to be healthy in every visit with multiple health providers. *See generally* ECF No. 57-1 (documenting that Petitioner had a normal chest x-ray on June 2, 2020 and healthy lung statistics in every recent medical encounter). Moreover, Petitioner is receiving consistent monitoring of any lung-related symptoms, adequate treatment when he experiences such symptoms, and being isolated when necessary. *Id.* (showing that Petitioner has received nebulizer treatments, inhalers, and respiratory therapy and was placed in isolation when potential COVID-19 symptoms were detected).

In sum, Petitioner has not presented evidence that he is so susceptible to COVID-19 at FMC Devens that he cannot be expected to recover. *Cf. United States v. Zukerman*, 2020 WL

1659880, at *5 (S.D.N.Y. Apr. 3, 2020) *citing* U.S.S.G. § 1B1.13 (advising the Court's discretion on serious physical or medical conditions that may qualify as extraordinary and compelling reasons).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Norfolk, Virginia
July 30 , 2020

Raymond A. Jackson
United States District Judge